# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY V. CAIBY, | Civil No. 3:18-cv-1120 |
| Plaintiff | (Judge Mariani) |
| v. | |
| GARY HAIDLE, *et al.*, | |
| Defendants | |

## **MEMORANDUM**

Anthony Caiby ("Caiby"), an inmate who, at all relevant times, was housed at the Monroe County Correctional Facility, in Stroudsburg, Pennsylvania, filed this civil rights action on June 4, 2018. (Doc. 1). Named as Defendants are Warden Gary Haidle, Deputy Warden Joseph McCoy, and Jane/ John Doe. (*Id.* at p. 6). Caiby seeks to proceed *in forma pauperis*. (Doc. 3). For the reasons that follow, the motion to proceed *in forma pauperis* will be granted solely for the purpose of the filing of the action, *see* 28 U.S.C. § 1915(b), and the complaint will be dismissed pursuant to 42 U.S.C. § 1997e(a).

## I. **Allegations of the Complaint**

The allegations of the complaint stem from Caiby's incarceration at the Monroe County Correctional Facility from February 2013 through September 2016. (Doc. 1, pp. 15-27). Caiby sets forth various claims regarding the alleged violations of his constitutional rights at the Monroe County Correctional Facility. (*Id.*). Caiby avers that he engaged in

several physical altercations with fellow inmates, he was subjected to excessive force by correctional officers, and suffered injuries as a result of the altercations. (*Id.*). Caiby alleges that prison staff hired private investigators to reveal his past criminal information, and correctional officers informed fellow inmates that he was a snitch, rapist, and pedophile. (*Id.*). Caiby further alleges that he was poisoned by iodine placed in his food. (*Id.*).

In response to questions concerning the exhaustion of administrative remedies, Caiby indicates that he filed an initial grievance concerning "some" of his allegations, but he did not fully exhaust his administrative remedies. (Doc. 1, p. 2). He plainly indicates that the grievance process has not been completed. (*Id.*).

II. **Discussion**

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. *See Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, it has been recognized that a district court has the inherent power to dismiss *sua sponte* a complaint such as this one which facially violates a bar to suit.[1] *See Ray v. Kertes*, 285 F.3d 287, 295 n. 5 (3d Cir. 2002) (citing *Booth*, 206 F.3d at 293 n. 2) (noting that "Booth concedes that he did not avail himself of either the intermediate or final review process"); and *Nyhuis*, 204 F.3d at 66 (stating that plaintiff "argues that he did not avail himself of the administrative process because it could not provide him with two of the three forms of relief that he seeks in the present action").

As stated, under the PLRA, "exhaustion is a precondition for bringing suit under § 1983." *Small v. Camden County*, 728 F.3d 265, 269 (3d Cir. 2013). It is a "'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" *Id.* at 270 (emphasis in original) (quoting *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010)). Recently, the United States Court of Appeals for the Third Circuit rendered a decision in *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), requiring that district courts place parties on notice of their intent to consider whether a plaintiff has

---

[1] As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint. *See, e.g., Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

exhausted his administrative remedies in accordance with the PLRA, in its role as factfinder under *Small v. Camden Cty.*, 728 F.3d 265 (3d Cir. 2013). *Paladino*, 885 F.3d at 211. However, in the case at bar, there are no factual disputes regarding exhaustion. Caiby readily admits that he did not exhaust the available administrative remedies. (Doc. 1, p. 2). Caiby states that he was transferred from the Monroe County Correctional Facility to a different facility before he completed the grievance procedure. (*Id.*). The Third Circuit has found that the transfer to another facility does not excuse the PLRA's exhaustion requirement. *See Williamson v. Wexford Health Sources, Inc.*, 131 F. App'x 888, 890 (3d Cir. 2005) (affirming grant of summary judgment for failure to exhaust against plaintiff where plaintiff was transferred to a different prison after filing administrative claim, which plaintiff did not appeal); *In re Bayside Prison Litigation*, 2008 WL 2387324, *4 (D. N.J. May 19, 2008). *See also Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) ("[g]enerally, '[t]he transfer of a prisoner from one facility to another does not render the grievance procedures at the transferor facility 'unavailable' for the purposes of exhaustion'") (citations omitted).

Caiby acknowledges that there is an administrative grievance procedure available, but that he has not completed the process. *See Ahmed v. Dragovich*, 297 F.3d 201 (3d Cir. 2002) (exhaustion requires completion of the entire administrative remedy process *prior* to filing suit) (emphasis added). Because it is apparent from the face of the complaint that

4

Caiby is barred from pursuing federal relief, the complaint will be dismissed pursuant to 42 U.S.C. § 1997e(a).

A separate Order will issue.

Date: June ___, 2018

Robert D. Mariani
United States District Judge