# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY V. CAIBY, | : | Civil No. 3:18-cv-1120 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| GARY HAIDLE, et al., | : | |
| Defendants | : | |

FILED
SCRANTON
JUN 2 8 2018
PER _____ / DEPUTY CLERK

## MEMORANDUM

Anthony Caiby ("Caiby"), an inmate who, at all relevant times, was housed at the Monroe County Correctional Facility, in Stroudsburg, Pennsylvania, filed this civil rights action on June 4, 2018. (Doc. 1). Named as Defendants are Warden Gary Haidle, Deputy Warden Joseph McCoy, and Jane/ John Doe. (*Id.* at p. 6). Previously by Memorandum and Order dated June 8, 2018, the Court screened the complaint and dismissed this action based on Caiby's admitted failure to exhaust the available administrative remedies prior to initiated the instant action. (Docs. 9, 10). Presently pending before the Court is Caiby's motion (Doc. 13) for reconsideration of the Court's June 8, 2018 Order. For the reasons set forth below, the motion for reconsideration will be denied.

## I.    Motion for Reconsideration Standard of Review

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v.*

*Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## II. Discussion

In the instant motion, Caiby requests that the Court reconsider its Order dismissing his complaint for failure to exhaust administrative remedies. (Doc. 13). The Court concludes that Caiby fails to establish any grounds warranting reconsideration of the June 8, 2018 Memorandum and Order. In the June 8, 2018 Memorandum, the Court noted that Caiby acknowledged in the complaint that there was an administrative grievance procedure available, but that he did not complete the process prior to filing his federal action. (Doc. 9, p. 4, citing Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002) (exhaustion requires completion of the entire administrative remedy process *prior* to filing suit) (emphasis added)). Therefore, because it was apparent from the face of the complaint that Caiby was barred from pursuing federal relief, the complaint was dismissed pursuant to 42 U.S.C. § 1997e(a). (See id.).

The PLRA prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until the inmate has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered by the administrative procedures." Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (explaining that "the PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies

3

mandatory—whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action"). In his complaint, Caiby plainly states that he did not exhaust the available administrative remedies. (Doc. 1, p. 2). Instead, he claims that he was not required to exhaust his claims because he was transferred to a state facility. (*Id.*). Even though Caiby is no longer incarcerated at the Monroe County Correctional Facility and is now held at SCI-Graterford, the Third Circuit has found that transfer to another prison facility does not excuse the PLRA's exhaustion requirement. *See Williamson v. Wexford Health Sources, Inc.*, 131 F. App'x 888, 890 (3d Cir. 2005) (nonprecedential). Case law makes clear that an inmate who is transferred to a new facility is required to exhaust the administrative remedies of the first facility before filing suit against it or against any of its employees. *See, e.g., Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) ("[g]enerally, '[t]he transfer of a prisoner from one facility to another does not render the grievance procedures at the transferor facility 'unavailable' for the purposes of exhaustion'") (citations omitted); *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2003) (holding that a plaintiff who was incarcerated at one facility when actionable mistreatment occurred and brought suit while in custody at another facility after being released and arrested was subject to PLRA's exhaustion requirement); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) ("The fact that [the plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative

4

remedies before filing suit"); In re Bayside Prison Litigation, 2008 WL 2387324, *4 (D. N.J. 2008) ("the Third Circuit has found that transfer to another prison facility does not excuse the PLRA's exhaustion requirement"); Santiago v. Meinsen, 89 F.Supp.2d 435, 441 (S.D. N.Y. 2000) (requiring exhaustion despite plaintiff's transfer to another facility).

Caiby concedes that he did not exhaust any grievance concerning his present claims. As stated by the Third Circuit Court of Appeals, "it is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The United States Supreme Court reiterated this tenet in Booth. See Booth, 532 U.S. 731. Consequently, this Court concludes that Caiby has failed to demonstrate any need to reconsider the June 8, 2018 Memorandum and Order. He fails to advance an intervening change in controlling law, to present newly found evidence, or to establish that a clear error of law or fact exists. Nor does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Therefore, the motion for reconsideration will be denied.

A separate Order shall issue.

Date: June 2⟨?⟩, 2018

Robert D. Mariani
United States District Judge