IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY V. CAIBY, | : | Civil No. 3:18-cv-1120 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| WARDEN GARY HAIDLE, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Anthony Caiby ("Caiby"), an inmate who was housed at all relevant times at the Monroe County Correctional Facility, in Stroudsburg, Pennsylvania ("MCCF"), commenced this action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  The matter is proceeding via an amended complaint (Doc. 95) against the remaining Defendant, PrimeCare Medical, Inc. ("PrimeCare").  Presently pending before the Court is PrimeCare's Rule 12(b) motion (Doc. 97) to dismiss the amended complaint.  For the reasons set forth below, the Court will grant the motion.

I.      **Allegations of the Amended Complaint**

On February 22, 2013, Caiby was transferred pursuant to a writ from the Luzerne County Correctional Facility to the Monroe County Correctional Facility, where he remained until June 24th.  (Doc. 95 ¶¶ 1, 4).  During this time, Caiby alleges that he became ill and suffered an allergic reaction.  (*Id.* ¶¶ 5, 6).  He believes the illness was related to hyperthyroidism and food poisoning.  (*Id.* ¶¶ 7, 9).

1

On February 2, 2016, Caiby was assaulted and cut his finger. (*Id.* ¶ 13). A nurse treated his wounds and took pictures of the laceration. (*Id.* ¶ 14). Caiby alleges that PrimeCare nurses "covered-up" the incident and he did not receive follow-up care. (*Id.* ¶¶ 15, 16, 20). He further asserts that Warden Haidle and Deputy Warden McCoy implemented an unconstitutional training policy at the MCCF. (*Id.* ¶ 21).

On March 6, 2016, Caiby was assaulted by fellow inmates. (*Id.* ¶ 24).

Caiby next alleges that poison was placed in his milk and food, which caused him to have an allergic reaction. (*Id.* ¶ 25). He was prescribed Zyrtec, Claritin, and Benadryl for the allergic reaction. (*Id.* ¶ 26). Caiby went to sick call for treatment but was never transferred to an outside medical center. (*Id.* ¶ 27).

On August 31, 2016, Caiby allegedly fell and hurt his back. (*Id.* ¶ 29). He states that he continues to suffer from back pain and a disfigured finger. (*Id.* ¶ 30).

**II.     Legal Standard**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

3

omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

### III. Discussion

#### A. Deliberate Indifference to Medical Needs[1]

In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were

---

[1] Caiby's amended complaint does not clarify whether he was a pretrial detainee or a convicted prisoner during the relevant time period. Pretrial detainees' claims of inadequate medical care arise under the Fourteenth Amendment, rather than the Eighth Amendment. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). The Supreme Court, however, has held that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. *See id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). In the context of claims for inadequate medical care, the Third Circuit has "found no reason to apply a different standard than that set forth in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." *See id.* Accordingly, the Court will analyze Caiby's claim under the framework of the Eighth Amendment. *See id.* at 582.

sufficiently harmful to establish deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant: (1) was subjectively deliberately indifferent (2) to the plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 834, 837; *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the applicable Eighth Amendment analysis requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge on the part of the defendant if it shows that the excessive risk was so obvious that the official must have known about it. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197.

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical needs were serious. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v.*

*Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).  Not every condition is a serious medical need; instead, the serious medical need element contemplates a condition of urgency, namely, one that may produce death, degeneration, or extreme pain.  *See id.*

Moreover, because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation.  *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional violation.  *Whitley v. Albers*, 475 U.S. 312 (1986).  The Supreme Court has also noted that "[l]ack of due care suggests no more than a failure to measure up to the conduct of a reasonable person."  *Daniels v. Williams*, 474 U.S. 327, 332 (1986).  Where a state of mind is relevant, the complaint is inadequate if it merely contains conclusory allegations describing the requisite state of mind such as "intentionally" or "recklessly" without supporting factual allegations.  *Wilson*, 501 U.S. 294.  Additionally, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, *see Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008), and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment.  *See White*, 897 F.2d at 108-10.

Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim.

*See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."); *Pearson v. Prison Health Servs.*, 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.").

Caiby has not set forth a plausible Eighth Amendment claim regarding inadequate medical care.  Even assuming, *arguendo,* that Caiby's injuries, consisting of hives, a cut on his finger, and back pain, rise to the level of serious medical conditions, the amended complaint lacks sufficient allegations that PrimeCare was deliberately indifferent to such conditions.  Caiby acknowledges that he received treatment for these ailments.  Nursing staff examined him, considered his symptoms and complaints, cleaned his wound, and prescribed medications.  To the extent that Caiby believes he should have received different treatment and should have been transferred to an outside medical center, this constitutes a "mere disagreement as to the proper medical treatment," and is not an actionable Eighth Amendment claim.  *Lanzaro*, 834 F.2d at 346.  It is clear that the nursing staff employed professional judgment in treating Caiby's conditions when he presented with complaints and symptoms.  *See Brown*, 903 F.2d at 278.  This precludes a finding that they acted with the "obduracy and wantonness" necessary to sustain an Eighth Amendment violation.  *Whitley v Algers*, 475 U.S. 312, 319 (1986).  Because Caiby fails to allege facts from which it can

reasonably be inferred that PrimeCare exhibited deliberate indifference to his medical needs, he is not entitled to relief on this claim.

### B.   *Monell* Claim against PrimeCare

PrimeCare, as a private entity contracted by a prison to provide health care for inmates, cannot be held liable for the acts of its employees under *respondeat superior* or vicarious liability.  *Natale*, 318 F.3d at 583 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  To hold PrimeCare liable, Caiby "must provide evidence that there was a relevant [PrimeCare] policy or custom, and that the policy caused the constitutional violation [he] allege[s]."  *Id.* (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).  A plaintiff can establish causation by "demonstrating the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences."  *Id.* at 407.  Caiby fails to meet his burden.  Although not entirely clear, he appears to assert that PrimeCare is liable for the assault cover-up and participation in an unconstitutional policy.  (Doc. 95 ¶ 31; Doc. 99; Doc. 99-1).  Caiby has failed to set forth sufficient factual allegations identifying the relevant policy or custom, showing PrimeCare acted deliberately and was the moving force behind the policy or custom, or explaining how that policy or custom caused a constitutional injury.  As such, the Court will dismiss the *Monell* claim against PrimeCare.

### IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The above claims against PrimeCare are factually and legally flawed; thus, the Court concludes that granting Caiby leave to file a second amended complaint would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where an inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.")

### V. Conclusion

The Court will grant Defendant PrimeCare's motion (Doc. 97) to dismiss the amended complaint. A separate Order shall issue.

                                                __s/ Robert D. Mariani____
                                                Robert D. Mariani
                                                United States District Judge

Dated: December 16, 2022